Filed 7/18/24  P. v. Alvarez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME ALTUNA ALVAREZ,<br><br>    Defendant and Appellant. | H051172<br>(Santa Clara County<br>Super. Ct. No. C1230950) |

Defendant Jaime Altuna Alvarez was convicted of attempted murder and discharging a firearm from a motor vehicle in 2013.  He petitioned for resentencing under Penal Code former section 1170.95 (now Pen. Code, § 1172.6).  The trial court denied the petition without an evidentiary hearing after concluding defendant was ineligible for relief under that statute as a matter of law.  Defendant argues on appeal that the trial court should have conducted an evidentiary hearing because an ambiguity in the jury instructions at defendant's trial allowed the jury to find him guilty of attempted murder with malice imputed based solely on his participation in a crime.  As we will explain, we agree with the trial court and will affirm the denial.

## I.    TRIAL COURT PROCEEDINGS

According to this court's unpublished opinion in defendant's direct appeal, defendant was the driver of a car occupied by two other people.  One of the passengers shot at but missed a man riding a bicycle.  Defendant was charged in 2012 with attempted murder with premeditation (Pen. Code, §§ 187, 189, 664, subd. (a)), including allegations

that the offense was committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)) and that a principal personally discharged a firearm (Pen. Code, § 12022.53, subds. (c), (e)(1)); he was also charged with discharging a firearm from a vehicle (Pen. Code, § 26100, subd. (c)), including an allegation that the offense was committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)). (Unspecified statutory references are to the Penal Code.)  A codefendant, Martina Mendoza Loya, was charged with attempted murder and other crimes in the same information.

Relevant to defendant's arguments in this appeal, the jury was instructed on aiding and abetting liability with CALCRIM No. 400:  "A person may be guilty of a crime in two ways.  One, he or she may have directly committed the crime.  I will call that person the perpetrator.  Two, he or she may have aided and abetted a perpetrator, who directly committed the crime.  [¶] A person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator. [¶] [Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime.]"  (Brackets in original.)  The jury was also instructed with CALCRIM No. 401:  "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that: [¶] 1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. [¶] Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

The jury was instructed on attempted murder, with CALCRIM No. 600:  "To prove that a defendant is guilty of attempted murder, the People must prove that:

2

[¶] 1. The defendant took at least one direct but ineffective step toward killing another person; [¶] AND [¶] 2. The defendant intended to kill that person." As to premeditation, the jury was instructed with CALCRIM No. 601: "[The attempted murder was done willfully and with deliberation and premeditation if either the [defendant Jaime Alvarez, or the Male in the rear passenger seat in the Suspect Vehicle] or both of them acted with that state of mind.]" (Brackets in original.) The jury was not instructed on the natural and probable consequences doctrine (or on felony murder).

The jury found defendant guilty as charged and found true all special allegations. Defendant appealed and a different panel of this court reversed and remanded the matter for possible retrial of the gang and firearm allegations, based on the gang expert's reliance on testimonial hearsay. (*People v. Alvarez* (November 24, 2015, H039691) [nonpub. opn.].) On remand, defendant agreed to admit that the attempted murder was committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)), and the prosecution agreed to move to dismiss the remaining special allegations. Defendant was sentenced to 15 years to life in prison.

Defendant petitioned pro se for resentencing under Penal Code former section 1170.95 in June 2022. At a hearing on the petition, the trial court noted that "[o]ther than the bracketed portion in CALCRIM 400" about a person being found guilty of " 'other crimes that occurred during the commission of the first crime,' " "the jury received no instructions under the natural and probable cause consequences doctrine, nor is there any evidence, suggestion, or theory that the prosecution argued the natural and probable cause consequences doctrine." The trial court denied defendant's petition without issuing an order to show cause.

## II. DISCUSSION

A person convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," or "attempted murder under the natural

3

and probable consequences doctrine," may petition under section 1172.6 to have those convictions vacated when certain conditions are satisfied. (§ 1172.6, subd. (a).) An order to show cause must issue if a petitioner makes a prima facie case for relief. (§ 1172.6, subd. (c).) The court must take the petitioner's factual allegations as true and make a preliminary assessment about whether the petitioner would be entitled to relief if his or her factual allegations were proved. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The "parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case," and if the record contains facts refuting the allegations in the petition, the court may deny the petition at the prima facie stage. (*Id*. at p. 972.)

Defendant relies on *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*). Langi was convicted of second degree murder for participating in a fistfight where someone in his group punched the victim who fell and hit his head, resulting in death. (*Id.* at p. 975.) Langi's jury was not instructed on the natural and probable consequences doctrine, but Langi argued that the pattern aiding and abetting and second degree murder instructions "permitted the jury to find him guilty on a theory under which malice was imputed to him based solely on his participation in the crime." (*Id.* at p. 980.) The *Langi* court reasoned that the "instructions permitted the jury to find [Langi] guilty of murder if it found that (1) the killing resulted from the actual killer's intentional act; (2) appellant aided and abetted that intentional act; and (3) the killer 'deliberately performed [the act] with knowledge of the danger to, and with conscious disregard for, human life'—whether or not *appellant* knew of or consciously disregarded the danger to human life." (*Id.* at p. 981.) *Langi* noted that "under the instructions that were given, the jury was entitled to conclude that, to be guilty as an aider and abettor of second degree murder, appellant need only have intended to encourage the perpetrator's intentional act—[there], punching [the victim]—whether or not [Langi] intended to aid or encourage [the victim's] killing, and whether or not he personally knew of and disregarded the risk of such a killing."

(*Id.* at p. 983.) As a result, section 1172.6 relief was not precluded as a matter of law, and the *Langi* court concluded an order to show cause must issue.

Defendant contends the reasoning of *Langi* extends to his attempted murder convictions. We disagree for two reasons. First, by its express terms section 1172.6, subdivision (a) applies only to attempted murder convictions that are based on a natural and probable consequences theory. In addition to affording relief to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," that subdivision provides potential resentencing for persons convicted of "*attempted murder under the natural and probable consequences doctrine*." (§ 1172.6, subd. (a), italics added.) As the trial court noted, the jury here was not specifically instructed on the natural and probable consequences doctrine. (See CALCRIM Nos. 402, 403. Accord, *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

Second, even if section 1172.6 relief were potentially available, the jury here necessarily concluded defendant harbored express malice toward the attempted murder victim: Under the instruction on attempted murder, the jury was required to find that the perpetrator "intended to kill" the victim when performing a direct but ineffective step toward killing. The jury was further instructed that someone "aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime." The instructions are not ambiguous about the crime defendant was alleged to have aided and abetted. At a minimum, the jury necessarily concluded defendant specifically intended to assist the perpetrator in attempting to kill the victim while the perpetrator harbored an intent to kill. (See *People v. McCoy* (2001) 25 Cal.4th 1111, 1118 ["when the charged offense and the intended offense—murder or attempted murder—are the same, ... the aider and abettor must know and share the murderous intent of the actual perpetrator"].) Therefore the record of conviction here

5

shows the jury necessarily convicted defendant of attempted murder based on express malice, not imputed malice.

Defendant notes the jury was instructed on aiding and abetting that, "Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime." He appears to argue that the language introduced the concept of natural and probable consequences, or at least created an ambiguity such that "the jury could have found that as an aider and abettor to the shooting from a vehicle offense, [defendant] was also guilty of attempted murder, a crime that occurred during the shooting." We review the jury instructions comprehensively and not in isolation. The instructions on aiding and abetting given here required the jury to find that defendant specifically intended to assist the perpetrator in attempting to kill the victim while the perpetrator harbored an intent to kill. Quoting *People v. Reyes* (2023) 14 Cal.5th 981, 991 (*Reyes*), defendant contends that "a direct aiding and abetting theory requires that the aider and abettor must personally harbor the mens rea of 'knowledge that the perpetrator intended to commit *the act*, intent to aid the perpetrator in the commission of *the act*, knowledge that *the act* is dangerous to human life, and acting in conscious disregard for human life.' " But *Reyes* describes the mens rea for aiding and abetting an implied malice murder, not an attempted murder. The jury was properly instructed as to all elements of attempted murder, and we are satisfied that when the instructions are considered as a whole, the language defendant identifies did not create an ambiguity or allow the jury to bypass any required element.

Defendant's reliance on reasoning from *People v. Curiel* (2023) 15 Cal.5th 433, is misplaced. Curiel was convicted in 2006 of first degree murder with a true finding on a gang-murder special circumstance allegation (§ 190.2, subd. (a)(22)). (*Curiel*, at p. 440.) Among other things, Curiel's jury was instructed on aiding and abetting based on the natural and probable consequences doctrine. (*Id.* at p. 445.) Curiel's resentencing

6

petition (§ 1172.6) was denied at the prima facie stage because the trial court found the intent-to-kill finding that was an element of the gang-murder special circumstance allegation precluded relief as a matter of law. The *Curiel* court concluded that because the jury had been instructed on the natural and probable consequences doctrine, its intent-to-kill finding "standing alone is insufficient to establish the requisite mens rea for aiding and abetting murder" under a currently valid theory. (*Curiel,* at p. 468.) As the *Curiel* court acknowledged, the "jury instructions in other cases might be materially different, and they might therefore have required different factual findings by the jury." (*Id.* at p. 471.) The jury instructions here were materially different than in *Curiel*: the jury was instructed on attempted murder and direct aiding and abetting, and not about the natural and probable consequences doctrine. Defendant was therefore convicted of attempted murder under a still valid theory and is ineligible for resentencing as a matter of law.

## III. DISPOSITION

The order denying the Penal Code section 1172.6 petition is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Bromberg, J.

H051172
*The People v. Alvarez*